

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion Number O-4932
Re: Transfer of territory
of common school dis-
trict.

You have recently requested the opinion of this department upon the following question, which we quote from your letter of request:

"When a majority of the qualified voters of a portion of a common school district, together with a majority of the board of trustees of the district, petition the County Board of Trustees to transfer said portion of the district in which the petitioners reside, (which contains more than 10% of the area of the district) is it mandatory that the County Board transfer the territory, or may the County Board of Trustees use their discretion in the matter?"

We assume that you have reference to a transfer of territory from a common school district to a contiguous common or independent school district. This opinion will be limited to the question whether the power of the county board of school trustees, when duly petitioned, to transfer territory is a mandatory or a discretionary power.

The Supreme Court of Texas recently had before it in the case of County School Trustees of Orange County, et al.,

Honorable T. M. Trimble, page #2

vs. District Trustees of Prairie View Common School District No. 8, 155 S. W. (2d) 434, the question of the authority of the county board in transferring territory from a common school district to a contiguous independent school district. In that case the court held unconstitutional and void Senate Bill 388 of the Forty-fourth Legislature (Acts 1935, 44th Leg., R. S., Ch. 339), which was a comprehensive law regulating the detachment and annexation of territory of school districts and superseding all laws previously enacted. The court further held that such a transfer must be regulated and governed by Section 2 of Article 2742e (Acts 1929, 41st Leg., 1st C. S., Ch. 109, p. 259) and Section 1 of Article 2742f (Acts 1929, 41st Leg., 1st C. S., Ch. 47, page 106), construed together. Board of School Trustees of Young County vs. Bullock Common School District No. 12, Tex. Com. App., 55 S. W. (2d) 538; Opinion No. O-4238, rendered to you on December 11, 1941.

Section 2 of Article 2742e and Section 1 of Article 2742f read respectively as follows:

"Sec. 2. That on and after the passage of this Act the County Board of School Trustees in any county in this State shall have authority and full power to create Common School Districts, to subdivide districts, and to change boundary lines of any or all Common School Districts legally coming under the jurisdiction of the County Board of School Trustees, subject to the supervision of the District Court having jurisdiction over the county where the County Board is appointed or elected; provided that before any changes may be made in boundary lines of school districts the trustees of the Common School Districts affected shall be notified to appear before the County Board for a hearing, and after said hearing, or the date set for said hearing, the County Board of Trustees may pass such order or orders as will carry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court."

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the District to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

In your letter of request you do not state whether the board of trustees of the district to which the transfer is proposed to be made by a majority vote approves the transfer. For the purposes of this opinion we assume that such approval has been given.

You will notice that Section 2 of Article 2742e provides for a notice and hearing before any changes in the boundary lines shall be made by the county board. The Commission of Appeals held in the Bullock case, supra, "that the Legislature intended the provision for notice and hearing,

contained in Section 2 of House Bill 220 (Article 2742e),
to operate as a limitation of the authority conferred on
the county board by the other Act (Section 1 of Article
2742f), so far as a change in the boundary lines of a com-
mon school district is involved." (Parenthetical insertions
added). Certainly, the provision for notice and hearing
shows clearly that the county board may exercise its dis-
cretion in determining whether any changes will be made.
There can be no question that Section 2 of Article 2742e
clothes the county board with discretionary powers. More-
over, it has been held that the county board is vested with
discretion to determine whether the power to detach terri-
tory from one district and annex it to another under Section
1 of Article 2742f should be exercised.

In the case of Prosper Independent School District
et al., v. Collin County School Trustees, 51 S. W. (2d) 748,
affirmed, 58 S. W. (2d) 5, the court made the following state-
ment:

"It will be noted that authority is lodged
in the county board of trustees to transfer
territory, contiguous to two school districts,
from one to another, under certain enumerated
conditions. Generally, the lodging of authority
in any designated board or forum carries with it
the right of such board or forum to determine
whether a proper case has arisen for the exercise
of such power. So, in the instant case, we think
the county school board is vested with a discre-
tion to determine whether the power given it by
section shall be exercised in any given case.
The clause of section 1, declaring that the
county board of trustees shall pass an order
transferring said territory, prescribes the
manner in which the county board of trustees is
to make known its judgment in the matter; that
is, that it must be by an order duly passed and
entered in the minutes of the county school trus-
tees, and does not mean that all discretion is taken
from such trustees when a statutory petition for an-
nexation is presented."

The above quoted language was approved by the court in the case of Schlemmer et al., vs. Board of Trustees of Limestone County (Writ of error refused), 59 S. W. (2d) 264. The following appears in the opinion of the court:

> "In deference to said authorities, we hold that the county board of trustees of Limestone County, in acting upon appellants' petition, were invested with discretion to grant or refuse the same as they might deem proper and just."

In view of the foregoing authorities you are respectfully advised that the county board of school trustees, when duly petitioned to detach territory from either a common or an independent school district and annex the same to a contiguous district, is vested with discretion to determine whether the transfer shall be made.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

GWS/a

APPROVED OCT 29, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN